IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARCIA DEL CARMEN-REYES,**

    Movant/Defendant,

vs.                                                   **CIVIL NO.  07-412 JC/DJS**
                                                      Criminal No.  02-1409 JC

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Danbury, Connecticut, as a result of her conviction for conspiracy to distribute and distribution of a mixture or substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §841(a)(1) and 21 U.S.C. §841 (b)(1)( C). Following her conviction pursuant to a guilty plea, Movant was sentenced to one hundred and sixty-eight months imprisonment. The judgment imposing that sentence was entered on April 24, 2003. Movant did not file a direct appeal and in fact her plea

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

agreement included a specific waiver of appeal, absent an upward departure from the applicable sentencing guideline range.

2. By the instant motion Movant asserts that her sentence is illegal because she was denied effective assistance of counsel by her attorney's waiver of her appeal rights. Movant asserts that her attorney told her he would file an appeal and failed to explain the waiver contained in the plea agreement. Movant also asserts that she does not understand legal proceedings or the English language well.

3. An appellate waiver contained in a plea agreement can be overcome if the plea was involuntary; for example, if ineffective assistance of counsel in connection with the negotiation renders the waiver invalid. United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir.2004) (*en banc*) (*per curiam*). Ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires that a person claiming ineffective assistance of counsel must show that their counsels' representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. In the context of a guilty plea, in order to establish prejudice a movant must show that "[she] would not have pleaded guilty and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001). Although Movant does not have to show that she would have prevailed at trial, her prospects of succeeding inform the Court's view of whether she would have gone to trial. United

States v. Clingman, 288 F.3d 1183, 1186 (10th Cir.2002).

    4. In this case, Movant signed a written plea agreement which explained the waiver of appellate rights in detail and mentioned that waiver in two different paragraphs. A Spanish interpreter was present at her plea hearing and the Court informed Movant that she was waiving her right to appeal as part of the plea agreement. Movant affirmed that she understood that waiver and also affirmed that she had reviewed her case with her attorneys and was satisfied with their representation of her. Further, as pointed out by Respondent, Movant was advised a second time, at her sentencing hearing, that she had waived her right to appeal the final sentence of the Court.

    5. A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Federal courts have dismissed criminal defendants' challenges to the knowing and voluntary nature of their pleas or plea waivers when their plea paperwork and colloquies clearly belied their challenges. See United States v. Aparicio, 214 Fed.Appx. 866, 868 (10th Cir.2007)(unpublished disposition); United States v. Bridges, 68 Fed.Appx. 896, 900 (10th Cir.2003)(unpublished disposition); United States v. Cortez, 31 Fed.Appx. 611, 617-18 (10th Cir.2002)(unpublished disposition). Here, Movant's challenge to her attorneys' effectiveness and her understanding of her appellate waiver are belied by the minutes of the plea hearing and the plea agreement and she cannot show that her guilty plea was involuntary upon that ground. Conclusory statements made by a defendant are, "absent any other evidence, insufficient to show that [her] plea was involuntary." United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir.1999).

    8. Further, as asserted by Respondent, the instant §2255 motion is untimely. Under 28 U.S.C. § 2255(f) a one-year limitation applies to § 2255 motions. The limitation period runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). Movant asserts that she signed papers for an appeal and that she received a letter from her attorney informing her of the waiver some three years later. Movant's conviction became final ten days after the entry of the amended judgment, as that date was the time limit for filing an appeal. Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R.App. P. 4(b)(1) (notice of appeal must be filed within 10 days of the entry of the judgment of conviction). That is to say, Movant's conviction was final on May 8, 2003. She did not file the instant motion until April 24, 2007.

9. Movant's assertion that she did not hear from her attorney regarding the appeal for three years after her conviction might be construed as an assertion that she is entitled to equitable tolling or the date upon which she was aware of the facts in support of her claim as set forth in 28 U.S.C. §2255(f)(4). However, as discussed *supra*, Movant was informed of and acknowledged her waiver of appellate rights at her plea hearing and again at sentencing and thus was aware of the facts in support of her claim. To be entitled to equitable tolling, a litigant generally must establish two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). However, an attorney's failure to file an appeal in

4

the face of an explicit waiver of appellate rights contained in a plea agreement does not rise to the level of an extraordinary circumstance entitling a movant to equitable tolling. United States v. Romero-Cruz, 245 Fed. Appx. 797, 800-801 (10th Cir. August 20, 2007) (unpublished disposition).

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**